IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **UNITED STATES OF AMERICA,** : | |
| : | |
| : | **Case No.: 1:07 CR 00093 SLR** |
| vs.    : | |
| : | |
| **JONATHAN MCKINNEY** : | |
| **Defendant** : | |

# ORDER

AND NOW, this          day of                , 2007, upon Motion of the Defendant, Jonathan McKinney, it is hereby ORDERED and DECREED that the Defendant Jonathan McKinney is released pending trial.

                  **By The Court:**

                 _____
                 **Sue L. Robinson, J.**

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **UNITED STATES OF AMERICA,** :<br>:<br>:<br>vs.          :    Case No.: 1:07-CR-00093-SLR<br>:<br>**JONATHAN MCKINNEY** :<br>    **Defendant** :| |

**DEFENDANT'S MOTION PURSUANT TO RULE 46 AND 18 U.S.C. SEC. 3142**

**FOR RELEASE PENDING TRIAL**

TO THE HONORABLE SUE L. ROBINSON, JUDGE OF THE UNITED STATES

DISTRICT COURT FOR THE DISTRICT OF DELAWARE:

1. The defendant, Jonathan McKinney, is charged with possession of child pornography (five [5] images).

2. Mr. McKinney is incarcerated and has been incarcerated since his arrest by federal authorities.

3. Mr. McKinney was originally arrested by Delaware state police for these charges.

4. Mr. McKinney was released by the State of Delaware on his own recognizance pending trial before jurisdiction was assumed by the federal government.

5. Mr. McKinney is being held after a hearing by the Magistrate Judge pursuant to 18 U.S.C. sec. 3142 (e).

6. Mr. McKinney's continued incarceration is not justified because he is not a danger to the community.

7. There is no evidence that Mr. McKinney has ever molested a child, nor is likely to molest a child.

8. There is no evidence that Mr. McKinney has any pedophilic tendencies.

9. Mr. McKinney's involvement is casual, at best, reflecting pathologies that have nothing to do with child molestation or child sexual interest.

10. There is little, if any, likelihood that Mr. McKinney will commit a crime while released.

11. Mr. McKinney has been in the community his entire life.

12. Mr. McKinney has lived with his parents and will continue to reside with them if released.

13. Mr. McKinney was not under the auspices of the criminal justice system, state or federal, at the time of his offense and arrest.

14. Mr. McKinney's parents are willing to put up their house as collateral to insure his appearance at trial.

15. Any number of conditions such as home confinement, electronic monitoring, and no computer access are available to insure not only Mr. McKinney's appearance at trial, but the safety of the community, as well.

16. Mr. McKinney's continued incarceration compromises his ability to assist his lawyer in the preparation of his defense because of the difficulty incarceration presents in scheduling his attendance to view the alleged pornographic images with his lawyer.

17. There is no likelihood that Mr. McKinney will flee. He has no resources that could possibly enable him to do so.

18. Mr. McKinney's continued incarceration pending trial is punitive, as he remains on lock-down 23 hours per day and is forced to mingle with other defendants in this case.

19. Mr. McKinney's continued pre-trial incarceration is incompatible with the presumption of innocence.

WHEREFORE, the defendant, Jonathan McKinney, respectfully requests that this court release him pending trial.

        Respectfully submitted,

        **PERLSTEIN LAW**

        By: _s//_____
          **Paul M. Perlstein, Esq.**

          **Attorney for Defendant, Jonathan McKinney**

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** : | |
| : | |
| vs. : | Case No.: 1:07-CR-00093-SLR |
| : | |
| **JONATHAN MCKINNEY** : | |
| **Defendant** : | |

**Defendant Jonathan McKinney's Memorandum of Law**

**In Support of His Motion for Pre-trial Release**

    Mr. McKinney is charged with crimes involving minors. Under 18 U.S.C. sec. 3142(f)(1)(E) the Government moved before the Magistrate Judge for pre-trial detention. The motion of the Government was granted. This was in error.

    18 U.S.C. sec. 3145 (b) provides that a person who has been ordered to be detained pending trial by a magistrate judge may move for revocation or amendment of the detention order in the court with original jurisdiction in the matter. "When the district court acts on a motion to revoke or amend a magistrate's pre-trial detention order, the district court acts *de novo* and must make an independent determination of the proper pretrial detention or conditions for release." <u>U.S. v. Rueben</u>, 974 F. 2d 580, 585-86 (5th Cir. 1992). Though not required to do so, the reviewing court may, in its discretion, choose to hold an evidentiary hearing if necessary or desirable to aid in the determination. <u>U.S. v. Mark</u>, 2007 WL 2669556 (D. Virgin Islands, Aug. 25, 2007).

The right to bail is a fundamental of liberty underpinning federal criminal proceedings. *Carbo v. U.S*., 82 S. Ct. 662 (1962). It is an essential guardian of the presumption of innocence. *Stack v. Boyle*, 342 U.S. 1 (1951). There is a substantive liberty interest in freedom from confinement. *U.S. v. Perry*, 788 F. 2d 100 (3rd Cir. 1986). In making a pre-trial detention determination, the judicial officer must bear in mind that the passage of the pre-trial detention provision does not signal a Congressional intent to wholesale incarceration of persons awaiting trial. *U.S. v. Westbrooke,* 780 F.2d 1185 (5th Cir. 1986).

To rebut the statutory presumption in favor of detention, a defendant must produce some credible evidence to assure his presence before the court and the safety of the community. *U.S. v. Carbone*, 793 F.2d 559, 560 (3rd Cir. 1986). The determination of whether any conditions of release can reasonably assure the defendant's appearance in court and the safety of others is based on the following four factors:

> (1) the nature and seriousness of the offense charges; (2) the weight of the evidence against the person; (3) the history and characteristics of the person; and (4) the nature and seriousness of the danger to any person and the community that would be posed by the person's release.

*U.S. v. Traitz*, 807 F.2d 322, 324 (3rd Cir. 1986); *U.S. v. Coleman*, 777 F. 2d 888, 892 (3rd Cir. 1985).

The evidence that will be presented at a hearing will demonstrate that Mr. McKinney is able to easily rebut any presumption against him. This evidence was never of record before the magistrate judge.

The continued incarceration of Mr. McKinney is punitive only; he poses neither a danger to the community or a flight risk. Justice and fairness demands that he be released pending trial.

Respectfully submitted,

**PERLSTEIN LAW**

By: _s//_____
   **Paul M. Perlstein, Esq.**

   **Attorney for Defendant, Jonathan McKinney**