**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** : | |
| : | |
| : | **Case No.: 1:07 CR 00093 SLR** |
| vs. : | |
| : | |
| **JONATHAN MCKINNEY** : | |
| Defendant : | |

## ORDER

AND NOW, this _____ day of _____, 2007, upon Motion of the Defendant, Jonathan McKinney, it is hereby ORDERED and DECREED as follows:

1. The indictment against Defendant Jonathan McKinney is dismissed for failure of the Government to make the property or material "reasonably available" to Mr. McKinney, 18 U.S.C. sec. 3509 (m) (2)(A), as defined in 18 U.S.C. sec. 3509 (m) (2)(B).

2. The Defendant Jonathan McKinney is discharged from custody of the United States Government.

By The Court:

_____
**Sue L. Robinson, J.**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **UNITED STATES OF AMERICA,** : | |
| : | |
| : | Case No.: 1:07 CR 00093 SLR |
| vs. : | |
| : | |
| **JONATHAN MCKINNEY** : | |
| **Defendant** : | |

**DEFENDANT'S MOTION TO DISMISS INDICTMENT**

1. The defendant, Jonathan McKinney, is charged with possession of child pornography.

2. The defendant is incarcerated at the request of the Government, although a bail motion is presently pending.

3. The present time by which all pre-trial motions must be filed is October 19, 2007, although a motion to extend time is presently pending.

4. Discovery has been virtually non-existent on the part of the Government.

5. The Defendant is waiting for the Government to respond to a request for discovery that it is hoped will allow the Defendant to meaningfully examine the electronic media and other evidence.

6. The Defendant, through his counsel, has requested that the Government make the electronic media and other evidence "reasonably available" to him under 18 U.S.C. section 3509 (m) (2) (A) and to provide Mr. McKinney "ample opportunity for inspection, viewing, and examination at a Government facility of the property or material by the defendant, his or her attorney, and any individual the defendant may

seek to qualify to furnish expert testimony at trial." 18 U.S.C. section 3509 (m) (2) (B).

7. Specifically, after a number of attempts to arrange for an inspection by Mr. McKinney and his counsel of the allegedly pornographic images, Defense Counsel sent an e-mail on October 2, 2007 to the Government as follows:

**From:** Paul Perlstein [mailto:perlstein@PerlsteinLaw.com]
**Sent:** Tuesday, October 02, 2007 8:22 PM
**To:** 'edmond.falgowski@usdoj.gov'
**Cc:** 'Rob Sink'
**Subject:** McKinney

"Dear Mr. Falgowski:
    I want to view the images with my client. This is his right under 18 U.S.C. section 3509 (m). I am available to conduct the examination of the images in the mornings after 10:00 am and before noon on October 10, 11, and 12. Because Mr. McKinney remains detained pending trial pursuant to the Government's motion, I expect that you will make the appropriate arrangements for the marshals to transport him to where the images can be viewed. I assume that this will be in Wilmington because the statute states that the images are to be in the care custody and control of the Government, referring to the U.S.A. If you will not arrange for Mr. McKinney and me (and probably Mr. Sink) to view the images on the dates that I have indicated, please be kind enough to let me know immediately so that I can take appropriate remedial action on behalf of Mr. McKinney.
    Thank you very much.
Sincerely,
PMP"

8. Despite subsequent e-mail exchanges, there has never been any response by the Government as far as arranging the inspection as requested. Instead, after prompting by Defense Counsel, the Government only responded as follows:

**From:** Falgowski, Edmond (USADE) [mailto:Edmond.Falgowski@usdoj.gov]
**Sent:** Wednesday, October 10, 2007 5:43 AM
**To:** Paul Perlstein
**Subject:** RE: McKinney

Paul, for you to see the images, you could come to my office.  For you and McKinney, together, to see the images, I'd have to ask the US Marshal to bring McKinney to the federal building to meet with you, me and the case agent.  When are yo9u available to do that?

Corky

9. Defense counsel advised the Government that under no circumstances did he intend for any examination of the images to take place in the presence of the Marshal or the case agent or the attorney for the Government.

10. It is obvious that despite the responsibility placed upon the Government to insure the Defendant's access to the "evidence", especially where the Defendant is in the custody of the Government pursuant to their request to the court, the Government in this case has no intention of fulfilling its statutory obligations and instead wants to impede and hinder the Defendant's ability to prepare his defense.

11. The remedy for such conduct on the part of the Government is dismissal of the indictment. The interests of justice and fairness demand this.

WHEREFORE, the defendant, Jonathan McKinney, respectfully requests that the indictment against him be dismissed and that he be released from custody.

Respectfully submitted,

**PERLSTEIN LAW**

By: __S/_____
    **Paul M. Perlstein, Esq.**

**Attorney for Defendant, Jonathan McKinney**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | : <br> : <br> : **Case No.: 1:07 CR 00093 SLR** <br> : <br> vs. : <br> : <br> **JONATHAN MCKINNEY** : <br> **Defendant** : |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS**

The Defendant, Jonathan McKinney, is charged with two counts relating to possession of child pornography. It is believed, however, that only five (5) images are involved. Mr. McKinney is presently incarcerated on the Government's motion, although a bail motion is pending.

This is a complex case because of the highly technical issues involved with regard to the obtaining and storage of the "evidence". Outstanding are discovery requests that, if there is full and complete disclosure by the Government, will substantially facilitate the Defendant's ability to prepare his defense. But these discovery responses are only one part of the structure that is the defense. Most critically, the Defendant and his counsel have to see the images involved. Requests were made generally of the Government for this viewing to occur but nothing specific was ever arranged. Consequently, on October 2, 2007, a specific request was made of the Government and, in a spirit of cooperation, Defense counsel provided the Government with three (3) days and a range of hours for the viewing of the images in order to create as little inconvenience for the marshals, although such cooperation is not statutorily required. This email

request is set forth in paragraph number 7 in the Defendant's motion. There was no response from the Government until, after prodding by Defense Counsel, the Government said that it would make the arrangement for the images to be viewed by the Defendant and his counsel, along with the marshal, the attorney for the Government, and the "case agent". *See* paragraph number 8 in the Defendant's motion. Clearly, the Government is obstructing the Defendant's statutory right to see the images rather than fulfilling its responsibility to make inspection by the Defendant "ample opportunity for inspection". The proper remedy is dismissal of the indictment.

On July 27, 2006, the **_Adam Walsh Child Protection and Safety Act_**, Pub. L. No. 109-248, 120 Stat. 587 (2006), was signed into law. A provision of that statute, codified at 18 U.S.C.§ 3509(m), requires that child pornography remain in the custody of the United States or the Court, and prohibits a defendant from obtaining copies thereof so long as the United States provides the defendant "ample opportunity for inspection, viewing, and examination" of the child pornography "at a Government facility.

"Ample opportunity" must be read to include at least every opportunity for inspection, viewing, and examination as required by the Constitution. **_U.S. v. Knellinger,_** 471 F. Supp. 2d 640, 644 (E.D. VA, 2007). This the Government has not done. One can only imagine the obstructionism planned by the Government once expert analysis of the electronic evidence is conducted. Moreover, the Government's intention to intrude into the attorney-client relationship is inappropriate misconduct. **_U. S. v. Melvin_**, 650 F. 2d 641 (5th Cir. 1981).

The Government herein has been engaging in inappropriate conduct. The Supreme Court has held that the appropriate remedy is dismissal of the indictment. **_Bank of Nova Scotia v. U.S., 487 U.S._** 250, 255-56 (1988). The resulting prejudice to the Defendant is obvious. He simply cannot prepare his defense. He has no idea of what are the images that allegedly violate the

statute. The Third Circuit has not rejected dismissal of the indictment as a sanction for discovery violations by the Government. *Gov't. of Virgin Islands v. Fahie*, 419 F. 3d 249 (3rd Cir. 2005). Moreover, a dismissal need not be predicated on government misconduct.

A trial court need not rely to justify dismissal of an indictment as a remedy for improper prosecutorial conduct; it may also remedy Rule 16 discovery violations under its supervisory powers. *See* **United States v. Restrepo, 930 F.2d 705, 712 (9th Cir.1991)** ("[D]ismissal of an indictment because of outrageous government conduct may be predicated on alternative grounds: a violation of due process [such as a Brady violation] or the court's supervisory powers."); *see also* **United States v. Ross, 372 F.3d 1097, 1107 (9th Cir.2004)**. The purposes underlying the use of courts' supervisory powers are broad and include implementing remedies for violations of recognized rights and remedies designed to deter illegal conduct. *See* **U.S. v. Hasting,** 461 U.S. 499 (1983).

The difficulty being presented by the Government is completely antithetical to the intent of Congress and its prejudice to the Defendant strikes at his most basic Constitutional rights. Since Mr. McKinney is being denied the ability to defend himself, the indictment must be dismissed.

                                                  **Respectfully submitted,**

                                                  **PERLSTEIN LAW**

                                                  **By: __S/_____**
                                                    **Paul M. Perlstein, Esq.**

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** : | |
| : | |
| : | **Case No.: 1:07 CR 00093 SLR** |
| vs. : | |
| : | |
| **JONATHAN MCKINNEY** : | |
| **Defendant** : | |

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that service of the Defendant's Motion to Dismiss Indictment was made on Edmond Falgowski, A.U.S.A., the attorney of record for the Government, via the Electronic Court Filing System (ECF) on October 10, 2007.

                                              **PERLSTEIN LAW**

                                          **By: __S/_____**
                                                **Paul M. Perlstein, Esq.**