IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff, | :<br>:<br>: |
| vs. | : Case No.: 1:07 CR 93<br>: |
| JONATHAN MCKINNEY<br>    Defendant | :<br>: |

### ORDER

AND NOW, this         day of              , 2008, upon Motion of the Defendant, Jonathan McKinney, it is hereby ORDERED and DECREED as follows:

The United States of America shall make full and complete disclosure of the items for discovery requested by the Defendant, Jonathan McKinney, within ten (10) days of this order or suffer such sanctions as the Court shall determine to be appropriate.

The United States of America shall provide the Defendant with ample opportunity to inspect, view and examine all images and data as required by 18 U.S.C. section 3509 (m) (2) (B).

                                                              **By The Court:**

                                                              _____
                                                              **Sue L. Robinson, J.**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br>    **Plaintiff,**<br><br>        vs.<br><br>**JONATHAN MCKINNEY**<br>    **Defendant** | :<br>:<br>:<br>:  Case No.: 1:07 CR 93<br>:<br>:<br>: |

### DEFENDANT'S MOTION TO COMPEL DISCOVERY

1. The defendant, Jonathan McKinney, has pleaded guilty to Possession of Child Pornography on April 29, 2006.

2. The images that are the subject of the Information to which Mr. McKinney pled guilty were emailed to him.

3. The defendant is incarcerated.

4. At a meeting with the Government attended by Mr. McKinney and his counsel, Paul M. Perlstein, Esq. and Robert Sink, Esq., to view the allegedly contraband images, the Government displayed a number of images that were alleged to have been actually on Mr. McKinney's computer. Of these images, four (4) were identified and agreed to by the parties to be illegal under the federal statutes.

5. At issue is also a video that was sent to the Defendant which the parties agree also is child pornography. This video, retrieved from the sender's computer, was not, however, on Mr. McKinney's computer and thus was not "possessed" by him on April 29, 2006.

6. A number of other images were allegedly sent to Mr. McKinney that have been retrieved from the sender's computer but were not on Mr. McKinney's computer.

7. The defendant, through his counsel, had made discovery requests on the government on July 20, 2007, pursuant to Rule 16.

8. At the time the memorandum was received by the Defense, the Government had made only a partial response to the Defendant's discovery requests and a motion to compel discovery filed by the defense was withdrawn because the Defense believed that the motion was rendered moot by the guilty plea to the identified images.

9. In preparation for the sentencing, the Government provided the Pre-Sentence Investigator with a memorandum.

10. In its Memorandum, the Government has suggested that Mr. McKinney possessed thirty-four (34) still images of child pornography, including images that were never shown or identified to the Defense, and the video.

11. Based upon the limited discovery provided by the Government, it was easily determined that the Government's memorandum, relied upon wholesale by the Pre-Sentence Investigator is riddled with material inaccuracies and misstatements of fact, including an incorrect representation that a computer seized in the basement of Mr. McKinney's house (where he lives with his mother, father and brother) contained images of child pornography.

12. It is material to know exactly how many images the Defendant actually possessed on the date in question and on what computers these images were found, and not merely what was sent to him, because the difference between possessing four images and one

hundred nine (the 34 still images and the video) is two (2) points for guidelines purposes.

13. Additionally, some of the images identified by the Government in its memorandum as child pornography were never shown or otherwise identified to the Defense, although the Defense repeatedly insisted on its rights as guaranteed by Congress to reasonably view the images.

14. Moreover, the Government in its memorandum has made much of a story regarding sadistic treatment of a 14 year old girl that it claims was in Mr. McKinney's possession. At no time, however, has the Government ever provided any of the requested discovery regarding that story, and has never identified on which of the six data storage devices seized from the McKinney residence was the story found.

15. The Defense has been requesting the Government, ever since its memorandum was made known, to provide the data and other information requested regarding the 34 images, the video, the story, and to show to the Defense the 34 still images of child pornography it claims to be on Mr. McKinney's machine, and/or were sent to Mr. McKinney.

16. In addition, the Defense sent a request to the Government on February 22, 2008 asking for the technical data and expert reports it requested on July 20, 2007, as swell as additional technical discovery to support the Government's claims made in its Memorandum.

17. All of the requested discovery should already be available and, if not, can be made readily available.

18. The government has not yet made any of the Defendant's requested discovery disclosures, nor objected to any requests, or responded in any fashion. Indeed, it is believed that the Government, based upon its past actions in this case, will not provide the requested and required technical data, nor display the images in question, unless ordered to do so by the court.

19. There are many reasons why a data file sent to someone via the Internet does not arrive.

20. Explanations provided by the Pre-Sentence Investigator as to why he believes certain file were received is not made as the result of his own expertise but must be made upon explanations (which are scientifically incorrect) provided either by the Government and or experts upon whom it is relying but whose reports have not been provided as requested under Rule 16.

21. Without discovery, it cannot be determined what was actually possessed on Mr. McKinney's computer, compared to what was sent.

22. The Defense has a statutory right to have ample opportunity to inspect, view and examine the images, hardware and data, 18 U.S. C. section 3509 (m) (2)(B).

23. A meaningful sentencing memorandum cannot be prepared on Mr. McKinney's behalf, nor can the Defense adequately prepare to defend against any claim by the Government that Mr. McKinney possessed more than four images on April 29, 2006 without prompt disclosure of the items of discovery.

24. The Court has the authority under Rule 16 (d) (1) to grant appropriate relief. It is clear that without this Court's intervention, prompt and full disclosure necessary to the Defense will not be made.

**WHEREFORE**, the defendant, Jonathan McKinney, respectfully requests that the Government be compelled to provide discovery in accordance with Rule 16.

        **Respectfully submitted,**

        **PERLSTEIN LAW**

        **By:  s/Paul M. Perlstein, Esq.**

           **Paul M. Perlstein, Esq.**

           **Attorney for Jonathan McKinney**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** <br> Plaintiff, <br> <br> vs. <br> <br> **JONATHAN MCKINNEY** <br> Defendant | : <br> : <br> : <br> : **Case No.: 1:07 CR 93** <br> : <br> : <br> : |

## MEMORANDUM OF LAW

The Defendant, Jonathan McKinney, incorporates herein in full the facts as set forth in his motion.

In this matter, Mr. McKinney pleaded guilty to possession of images of child pornography on April 29, 2006. These images were received as the result of four separate emails received on the date in question. The Government knows what was *sent,* because the sender's machine was recovered and the emails were retrieved from that machine, along with the images contained in the emails. And the Defense does not dispute that four emails were received. But, according to the limited information provided by the Government to date, only four images that are child pornography have been found to have been on Mr. McKinney's computer. This is easily explained by the fact that data containing the images often, for many reasons, does not arrive with the emails. In other words, simply because a receipt is found on a computer for an email with an image attached, it cannot be concluded, without more, that the image data was, in fact received. Throughout this case, starting with the Delaware State Police reports and including the Grand Jury testimony, and through the Government's Memorandum to the Pre-Sentence Investigator, the Government has decided what Mr. McKinney possessed by referring to what was retrieved from the computer of the sender. But the data provided by the Government in its

limited discovery response demonstrates that most of the images and video sent were never on Mr. McKinney's computer and thus he could not have possessed them on April 29, 2008.

Additionally, the Government is attempting to damn Mr. McKinney with a story about sadistic treatment of a 14 year old girl that was also allegedly on Mr. McKinney's computer. But no evidence has been provided from which it can be determined if this story was on Mr. McKinney's computer, or one of the other five data storage mediums retrieved from the McKinney household. Indeed, the Government has already misidentified a computer as Mr. McKinney's on which, it is wrongly claimed, are images of child pornography.

The difference between Mr. McKinney possessing four images and 34 images and a video is two points in calculating his applicable guidelines. Since the Supreme Court has not rendered the guidelines meaningless, they are still relevant to the sentencing process. Indeed, the Pre-Sentence Investigator has spent much time on this issue in preparing his report. It is important to "get it right". This can only happen if the Defendant is given the discovery to which he is entitled so that he can properly defend himself at an evidentiary hearing. The Defendant has a statutory right to ample opportunity to examine the images, data and hardware. 18 U.s.c. section 3509 (m) (2) (B). This the Government is not providing.

**Respectfully submitted,**

**PERLSTEIN LAW**

**By: _s/Paul M. Perlstein, Esq._**

**Paul M. Perlstein, Esq.**

**Attorney for Jonathan McKinney**

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **UNITED STATES OF AMERICA,** <br> Plaintiff, | : <br> : <br> : |
| vs. | : Case No.: 1:07 CR 93 <br> : |
| **JONATHAN MCKINNEY** <br> Defendant | : <br> : <br> : |

**Certification Pursuant to Rule 5 (d) (2)**

I hereby certify that prior to filing this Motion to Compel Discovery that I have attempted an amicable resolution by contacting the Assistant United States Attorney via email on February 20, 2008 requesting a response as to when discovery will be provided or a discussion as to any objections to discovery.

To date, there has been no response by the government.

**Perlstein Law**

**By: s/ Paul M. Perlstein**
   Paul M. Perlstein, Esq.

**Counsel for Jonathan McKinney**